Nathan R. Ring
NV Bar No. 12078
STRANCH, JENNINGS & GARVEY PLLC
3100 W. Charleston Blvd., Ste 208
Las Vegas, NV 89102
Tel: (725) 235-9750
nring@stranchlaw.com

*Attorneys for Representative Plaintiffs
and the Plaintiff Class*
[Additional Attorneys on Signature Page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BIN CHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATION CASINOS LLC<br><br>Defendant. | Case No. 2:26-cv-01624-APG-MDC<br><br><br><br>**PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS AND APPOINT INTERIM CO-LEAD CLASS COUNSEL** |
| SUSAN GEINER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RED ROCKS RESORTS, INC., STATIONS HOLDCO LLC, and STATION CASINOS LLC<br><br>Defendants. | Case No. 2:26-cv-01632-CDS-MDS |
| ROCCI FERRETTA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATION CASINOS, LLC,<br><br>Defendant. | Case No. 2:26-cv-01693-RFB-DJA |

-1-

-2-

| | |
|---|---|
| SABRINA HALL and CASSANDRA NORTHWICK, individually and on behalf of all others similarly situated, | Case No. 2:26-cv-01703-APG-MDC |
| Plaintiff, | |
| v. | |
| STATION CASINOS, LLC, | |
| Defendant. | |

Plaintiffs Susan Geiner, Rocci Ferretta, Sabrina Hall, and Cassandra Northwick (collectively "Plaintiffs") seek entry of an order, pursuant to Rule 42(a) of the Nevada Rules of Civil Procedure, consolidating the following related cases: *Bin Chen v. Station Caisnos LLC*, 2:26-cv-01624; *Susan Geiner v. Red Rock Resorts, Inc., Station HoldCo LLC, and Station Casinos LLC*, No. 2:26-cv-01632 (D. Nev.); *Rocci Ferretta v. Station Casinos, LLC*, No. 2:26-cv-01693 (D. Nev.); *Sabrina Hall and Cassandra Northwick v. Station Casinos, LLC*, No. 2:26-cv-01703 (D. Nev.) (collectively the "Related Actions").

Additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs seek entry of an order appointing Andrew Mize of Stranch, Jennings & Garvey, PLLC, Andrew Ferich of Ahdoot Wolfson, P.C., and Leanna Loginov of Shamis & Gentile, P.A as Interim Co-Lead Class Counsel, and staying the Related Actions, including any of the Defendants' responsive pleading deadlines, pending the filing of a consolidated class action complaint ("Consolidated Complaint") within 30 days of entry of an order consolidating the cases and appointing leadership.

For the reasons set forth in the accompanying Memorandum of Law in Support of this Motion, Plaintiffs respectfully submit that consolidation is warranted under Rule 42(a) because the Related Actions involve common questions of law and fact and arise out of the same alleged data breach. Likewise, appointment of Interim Co-Lead Class Counsel is appropriate under Rule 23 of the Federal Rules of Civil Procedure to ensure the efficient prosecution of this matter and to protect the interests of the proposed class. Accordingly, Representative Plaintiffs' motion should be granted.

///

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATED ACTIONS AND APPOINT INTERIM CO-LEAD CLASS COUNSEL**

## I.    INTRODUCTION AND BACKGROUND

This action arises from a cybersecurity incident purportedly discovered by Defendant on March 5, 2026, by which cybercriminals infiltrated Defendant's inadequately protected network and accessed the Private Information which was being kept there (the "Data Breach"). This cyberattacks is alleged to have impacted personally identifiable information ("PII" or "Private Information") of Plaintiffs and the purported Class Members. As of June 8, 2026, four separate class actions lawsuits have been filed in this District arising from the Data Breach (the "Related Actions").[1] The cases all arise from a common operative fact, the Data Breach, and assert the same, or substantially similar, claims on behalf of the same class against the same Defendant. As such, Plaintiffs seek consolidation of these actions.

Moreover, Plaintiffs' counsel have self-organized to avoid delay that could be cause by a leadership dispute and now seek the Court's approval of this structure to facilitate the orderly and expeditious prosecution of this litigation. Both prior to and since initiating this action, Plaintiffs' Counsel, Andrew Mize of Stranch, Jennings & Garvey, PLLC, Andrew Ferich of Ahdoot Wolfson, P.C., and Leanna Loginov of Shamis & Gentile, P.A., have taken proactive steps to investigate the Data Breach, including, coordinating with other attorneys and performing substantial research regarding the breach and the Defendant. Now, in the interests of judicial economy, Plaintiffs request that the Court appoint Andrew Mize of Stranch, Jennings & Garvey, PLLC, Andrew Ferich of Ahdoot Wolfson, P.C., and Leanna Loginov of Shamis & Gentile, P.A as Interim Co-Lead Class Counsel pursuant to Federal Rules of Civil Procedure Rules 23.

## II.    LEGAL ARGUMENT

The Related Cases, along with any cases subsequently filed, transferred, or otherwise brought to this Court arising out of the same Data Breach and including common questions of law and fact, should be consolidated into one substantively unified action. This consolidation and the

---

[1] *Susan Geiner v. Red Rock Resorts, Inc., Station HoldCo LLC, and Station Casinos LLC*, No. 2:26-cv-01632 (D. Nev.); *Rocci Ferretta v. Station Casinos, LLC*, No. 2:26-cv-01693 (D. Nev.); *Sabrina Hall and Cassandra Northwick v. Station Casinos, LLC*, No. 2:26-cv-01703 (D. Nev.).

leadership proposed herein will promote the interests of judicial efficiency and will reduce duplicity in discovery and litigation. Consolidating these actions will not prejudice or confuse any of the parties or members of the potential Class.

Likewise, the appointment of Andrew Mize of Stranch, Jennings & Garvey, PLLC, Andrew Ferich of Ahdoot Wolfson, P.C., and Leanna Loginov of Shamis & Gentile, P.A under Nevada Rules of Civil Procedure Rule ("NRCP") 23 will support the unified and efficient prosecution of the consolidated actions, as set forth below.

**A. The Court Should Consolidate the Related Cases**

Fed. R. Civ. P. 42 governs whether cases shall be consolidated in federal courts, stating that "if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Such consolidation "permits district courts 'to expedite the trial and eliminate unnecessary repetitions and confusion.'" *Houghton v. Rancho Mesquite Casino, Inc.*, No. 2:23-CV-00276-CDS-DJA, 2023 WL 2633742, at *1 (D. Nev. Mar. 24, 2023) (quoting *DuPont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966)).

In deciding whether to consolidate cases, courts "weigh the interest of judicial convenience against the potential for delay, confusion[,] and prejudice." *Id.* (quoting *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010)); *see also Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Further, the Court is given broad discretion under Rule 42 to consolidate cases in the same district. *See Investors Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). For the reasons described herein, consolidation is warranted.

Generally, it would be duplicative and wasteful of the Court's and the parties' resources to litigate the cases separately. *See Houghton v. Rancho Mesquite Casino, Inc.*, No. 2:23-cv-00276-CDS-DJA, 2023 WL 2633742, at *1 (D. Nev. Mar. 24, 2023) (for the purposes of expediting trial and eliminating unnecessary repetition, district courts have broad discretion under this rule to consolidate cases pending in the same district). Courts have often recognized that class actions, such as those involved here, "are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all

concerned." *Diaz v. First Am. Home Buyers Prot. Co.*, No. 09-CV-00775-BAS(JLB), 2014 WL 12696519, at *2 (S.D. Cal. Sept. 25, 2014). Other benefits of consolidation are that it "facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately." *Id.*

Here, consolidation of the Related Actions is warranted, as the actions require proof of a common fact. Each of the Related Actions focuses on whether Defendant is liable to its current and former customers, including Plaintiffs, for its alleged failure to protect the private information of the Plaintiffs .Since the Related Actions pending before this Court present a common factual or legal issue, involve the same defendant, and will involve similar discovery, consolidation is appropriate.

Consolidation will serve to avoid potentially conflicting judgement in certification or settlement approval across different cases in this Court, would decrease the cost of bringing multiple separate cases to resolution by trying them together, and would increase efficiencies in the discovery process should this case proceed to litigation, as documents could be shared, and witnesses could avoid duplicative appearances.

For the reasons discussed above, courts across the country regularly consolidate data breach class actions. *See, e.g.*, Order Consolidating Case, *Smith v. Findlay*, No. 2:24-cv-01226-RFB-EJY (D. Nev. Aug. 1, 2024), ECF No. 14 (ordering consolidation of two data breach cases; *Johnson v. Cornerstone Nat'l Ins. Co.*, No. 22-CV-04135-WJE, 2023 WL 2386766 (W.D. Mo. Mar. 6, 2023) (ordering consolidation of two actions arising from a data breach); *Clausner v. Am. Multispecialty Grp. Inc.*, No. 4:25-CV-00711-SPM, 2025 WL 1923905 (E.D. Mo. July 14, 2025) (ordering consolidation of seven actions arising from a data breach); *Lamas v. Zullas*, No. 2:25-CV-00183, 2025 WL 2161148 (D. Utah July 30, 2025) (ordering consolidation of three actions arising from a data breach); *Pauley v. Endue, Inc.*, No. 2:25-CV-00177-JAW, 2025 WL 2021780 (D. Me. July 18, 2025) (ordering consolidation of six actions stemming from a data breach).

In addition, to ensure continued judicial efficiency, Plaintiffs also respectfully submit that the Court should order that any future actions that are filed or transferred to this Court based on the Data Breach be consolidated with the Consolidated Action. Defendant will suffer no prejudice

by litigating one consolidated action rather than multiple separate suits, and as a result, Consolidation of the related actions would therefore inure to the benefit of all parties involved.

### B. The Court Should Appoint Interim Co-Lead Class Counsel

Pursuant to Rule 23 of the Fed. R. Civ. P. Plaintiffs request the appointment of Andrew Mize of Stranch, Jennings & Garvey, PLLC, Andrew Ferich of Ahdoot Wolfson, P.C., and Leanna Loginov of Shamis & Gentile, P.A as Interim Co-Lead Class Counsel ("Proposed Interim Class Counsel"). Proposed Interim Class Counsel have vast experience in data breach cases, complex cases, and class actions, and they would certainly be able to fairly and adequately protect the interest of the proposed class.

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of a putative class before determining whether to certify the action as a class action." *Paraggua v. LinkedIn Corp.*, No. 5:12-CV-03088 EJD, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (quoting Fed. R. Civ. P. 23(g)(3)); *Adedipe v. U.S. Bank, Nat'l Ass'n*, Nos. 13-2687 (JNE/JJK), 13 22944 (JNE/JKK), 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014). Rule 23(g) of the FRCP favors appointing Proposed Interim Class Counsel as Interim Co-Lead Class Counsel. Moreover, the MANUAL FOR COMPLEX LITIGATION recommends that courts in complex litigation should "institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients." MANUAL FOR COMPLEX LITIGATION (FOURTH) ("MCL" or "Manual") § 10.22. In some cases, "the attorneys coordinate their activities without the court's assistance, and such effort should be encouraged." *Id.*

Here, as discussed above, the Related Actions currently pending are overlapping and duplicative, and additional cases are not unlikely. Proposed Interim Class Counsel are intimately familiar with data breach class actions, and they are certainly able to adequately protect the interests of the class. Thus, Plaintiffs seek the appointment of Andrew Mize of Stranch, Jennings & Garvey, PLLC, Andrew Ferich of Ahdoot Wolfson, P.C., and Leanna Loginov of Shamis & Gentile, P.A as Interim Co-Lead Class Counsel for Plaintiffs in the proposed consolidated action.

The Committee Notes to the 2003 Amendments to Rule 23 of the FRCP emphasize, designation of interim class counsel prior to certification is appropriate because:

> "[I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. Settlement may be discussed before certification. It may also be important to make or respond to motions before certification."

See Fed. R. Civ. P. 23 Advisory Committee Notes (2003).

Designating Interim Co-Lead Class Counsel, as requested here, clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification and negotiating settlement. MCL § 21.11 (4th ed. 2004). The rule provides that "[w]hen one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)." The rule also "authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made." Fed. R. Civ. P. 23(g) advisory committee's note; see also Southeast Mo. Hosp. v. C.R. Brand, Inc., No. 1:07-CV-0031-TCM, 2007 WL 4191978, at *2 (E.D. Mo. Nov. 21, 2007) (noting that "[t]he court may designate interim class counsel" and that "[w]hen there is one applicant for appointment as class counsel, the court may appoint that applicant") (citations omitted).

In cases like this, the appointment of Interim Co-Lead Class Counsel clarifies the attorneys' roles and responsibilities, formally designates them to act in the best interests of the proposed Class and assures defense counsel that they are dealing with the correct representatives of the proposed Class. See MCL § 21.11. Appointment of Interim Co-Lead Class Counsel also eliminates any risk that a defendant will try to play rival class counsel against one another to the possible detriment of the class. See Governance and Legitimacy in the Law of Class Actions, 1999 Sup. Ct. Rev. 337, 388 (discussing the danger of a "race to the bottom" situation). By appointing the proposed Interim Co-Lead Class Counsel now, this Court will forestall potential future inefficiency or leadership clashes and will ensure that Class Members' interests are protected by capable counsel in this matter and will not be adversely impacted by other actions. Moreover, appointing clear leadership at this stage in the litigation will allow the firms to focus their efforts on the litigation and efficiently represent the putative Class.

FRCP Rule 23(g) has criteria for the appointment of class counsel, including (1) work counsel has performed identifying or investigating potential claims in the action, (2) counsel's experience with claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv) & (B). Although Rule 23(g)(3) does not specifically address the appointment of interim class counsel, courts often apply the Rule 23(g) factors that govern the appointment of counsel at class certification stage.

> When appointing interim counsel, the Court looks to factors set out in Rule 23(g)(1) to determine the adequacy of counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and, (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

*In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, No. 1:21-cv-269, 2022 WL 1494378, at *2 (E.D. Va. May 10, 2022); *see also In re: Dairy Farmers of Am. Cheese Antitrust Litig.*, No. 1:09-cv-03690, 2013 WL 6050431, at *3 (N.D. Ill. Nov. 15, 2013). Here, as discussed below, Andrew Mize of Stranch, Jennings & Garvey, PLLC, Andrew Ferich of Ahdoot Wolfson, P.C., and Leanna Loginov of Shamis & Gentile, P.A satisfy the considerations under Rule 23(g).

    1. <u>Proposed Interim Co-Lead Class Counsel Have Performed Substantial Work in Investigating this Action</u>

The first factor for consideration under Rule 23(g)(1) is the work done to date, identifying and investigating potential claims. Fed. R. Civ. P. 23(g)(1)(A)(i). The law firms of the proposed Interim Co-Lead Class Counsel Stranch, Jennings & Garvey, PLLC, Andrew Ferich of Ahdoot Wolfson, P.C., and Leanna Loginov of Shamis & Gentile, P.A moved quickly to investigate the Data Breach and initiate the present case. The members of these firms were able to uncover the key details of the Data Breach needed to move forward with this case. Indeed, the firms have already dedicated meaningful resources to investigating the facts and researching the legal basis for liability. Proposed Interim Co-Lead Class Counsel investigated the facts surrounding the Data Breach, including its cause, potential and actual damages from the Data Breach and consumer

experiences concerning information compromised in the breach. Andrew Mize of Stranch, Jennings & Garvey, PLLC, Andrew Ferich of Ahdoot Wolfson, P.C., and Leanna Loginov of Shamis & Gentile, P.A have also devoted significant time to researching the claims and related law arising out of the Data Breach.

Proposed Interim Co-Lead Class Counsel continue to perform substantial work that has been and will continue to be valuable to the Class as the case moves forward. This work includes but is not limited to (a) reviewing consumer complaints concerning the Data Breach, (b) ongoing communications with putative Class Members, (c) continued investigation of the Data Breach, the scope of its consequences, and Defendant's public disclosures regarding the same, and (d) research into viable legal theories to be brought and filed against Defendant and possible defenses thereto.

Stranch, Jennings & Garvey, PLLC, Ahdoot Wolfson, P.C., and Shamis & Gentile, P.A have conducted all the work necessary to investigate Plaintiffs' claims and launch the prosecution of this litigation and continue to devote substantial effort to advancing the claims of Plaintiffs and the proposed Class.

2. Proposed Interim Class Counsel Have Relevant Experience and Knowledge of the Applicable Law

Plaintiffs proposed Interim Co-Lead Class Counsel are well-qualified. Indeed, Andrew Mize, Andrew Ferich, and Leanna Loginov and their firms have a track record of successfully litigating and resolving consumer class actions, including data breach and other complex cases. *See, e.g., Radcliffe v. Hernandez*, 818 F.3d 537, 548 (9th Cir. 2016) (affirming a district court's appointment of interim class counsel based on the court's finding that the appointed firm's "greater experience in handling class actions . . . its greater knowledge of the applicable law" supported a finding that the firm was "best able to represent the class"); *see also In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field).

a. Andrew Mize is Qualified to Serve as Interim Co-Lead Class Counsel

Andrew E. Mize ("Mr. Mize") is well qualified to serve as Interim Co-Lead Class Counsel should the Court grant him the honor. Mr. Mize is an attorney at Stranch, Jennings & Garvey,

PLLC (SJ&G) and a Louisville resident, with over a decade of practice in the community and beyond in areas of plaintiff litigation in complex matters. Based in Nashville, SJ&G has a long record of success across the country representing plaintiffs in a substantial number of class action and mass tort cases, including some of the most complicated litigation the courts have seen against some of the largest multinational companies. Mr. Mize has significant experience litigating class actions, including data breach cases, in state and federal courts across the nation. A sampling of these data breach cases include: *Absolute Dental Grp., LLC*, No. 2:25-cv-986 (D. Nev. Sept. 19, 2025); *Payne v. Full House Resorts, Inc.*, 2:25-cv-02314-APG-MDC (D. Nev. Dec. 11, 2025), ECF No. 15; *In Re Orthopaedic Institute of Western Kentucky, PLLC Data Breach Litigation*, No. 25-CI-000973 (McCracken Co. Ky. Cir. Ct.) (consolidated data breach class action in which Mr. Mize was appointed Interim Co-Lead Class Counsel); *In Re Seven Counties Services, Inc. Data Breach Litigation*, Case No. 24-CI-007516 (Jeff. Co. Ky. Cir. Ct.) (consolidated data breach class action in which Mr. Mize was appointed Interim Co-Lead Class Counsel in January 2025); *Gardner v. UofL Health, Inc.*, Case No. 24-CI-005934 (Jeff. Co. Ky. Cir. Ct.) (data breach class action); *Berthold v. Norton v. Norton Healthcare, Inc., et al.*, Case No. 23-CI-003349 (Jeff. Co. Ky. Cir. Ct.) (consolidated class action arising from data breach in May 2023 impacting 2.5 million individuals); *Lurry v. Pharmerica Corporation*, Case No. 3:23CV-297-RGJ (W.D. Ky.) (data breach class action); *In re CorrectCare Data Breach Litigation*, Case No. 5: 22-319-DCR (E.D. Ky.) (data breach class action; final approval of class-wide settlement granted Sept. 18, 2024).[2] In

---

[2] *See also: In Re: MoveIT Customer Data Security Breach Litigation*, Case No. 1:23-md-03083-ADB (D. Mass.) (multidistrict data breach litigation); *Duffy v. Lewis Brothers Bakeries, Inc.*, Case No. 3:24-cv-00081-RLY-CSW (S.D. Ind.) (consolidated data breach class action); *McLaughlin v. LCS Financial Services Corporation*, Case No. 2023CV32300 (Arapahoe Co. Colo. District Court); *Burgos v. Technical College System of Georgia*, Case No. 24CV007143 (Fulton Co. Georgia Super. Ct.) *Collier v. Ascension Health, et al.*, Case No. 2422-CC01303 (City of St. Louis, Missouri Cir. Ct.); *Schaefer v. Johnson Financial Group*, Case No. 2023CV001483 (Racine Co. Wis. Cir. Ct.) (data breach class action); *Kerr v. Andrews McMeel Universal, Inc.*, Case No. 2316-CV12523 (Jackson Co. Missouri Cir. Ct.); *Molinari v. Welfare & Pension Administration Service, Inc.*, Case No. 22-2-04023-8 SEA (King Co. Wa. Super. Ct.) (data breach class action; final approval granted Sept. 20, 2024); *In re: Monegato v. Fertility Centers of Illinois, PLLC*, Case No. 2022 CH 00810 (Cook County Circuit Court). (data breach class action; final approval granted April 2023); *Morris v. Commerce V3, Inc.*, Case No. 2024-CA-1 (Lake Co. Fla. Cir. Ct.); *Stark v. SA Hospital d/b/a South City*, Case No. 2222-CC09326-01 (City of St. Louis, Mo. Cir. Ct.); *Kralovansky v. Lakeshore Bone and Joint Institute, P.C.*, Case No. 64C01-2206-CT-005119 (Porter Co. Ind. Cir. Ct.); *Morgan v. The Burton Corporation d/b/a Burton Snowboards*, Case No.

addition, he litigates other complex cases in state and federal court.[3]

Mr. Mize's application is supported by his firm, SJ&G, and in particular SJ&G's founding member and managing partner, J. Gerard Stranch, IV ("Mr. Stranch"). Mr. Stranch has extensive experience in organizing and managing complicated class litigation like the proposed consolidated matter. He was the lead trial attorney for the Sullivan Baby Doe opioids case against Endo Health Solutions and Endo Pharmaceuticals, Inc., (originally filed as *Staubus v. Purdue Pharma LP*, No. 2:17-CV-122 (E.D. Tenn.)), a case that resulted in a $35 million settlement, the largest per capita

---

2:23-CV-00366-GWC (D. Vt.); *Does v. SSM Health Care Corp. and Navvis & Co., LLC*, Case No. 2422-CC00208 (City of St. Louis Mo. Cir. Ct.); *Gilbert, et al. v. BioPlus Specialty Pharmacy Services, LLC*, Case No. 6:21-cv-2158-RBD-DCI (M.D. Fla.) (data breach class action; final approval pending); *Arend v. Newcourse Communications, Inc., et al.* (Davidson Co. Tenn. Cir. Ct.) (data breach class action; final approval granted Oct. 11, 2024); *Weigand, et al. v. Group 1001 Insurance Holdings, LLC, et al.*, Case No. 1:23-CV-01452-RLY-TAB (S.D. Ind.) (data breach class action; final approval granted Oct. 3, 2024) *Curtis v. Citywide Home Loans, LLC*, Case No. No. D-202-CV-2022-05463 (Salt Lake Co. Ut.) (data breach class action; final approval granted); *O'Leary, et al. v. Tom James Company, Case No. 23-CV-52261 (Williamson Co. Tenn. Cir. Ct.* (final approval granted Sept. 16, 2024); *Covington v. Gifted Nurses, LLC*, Case No. 1:22-CV-04000-VMC (N.D. Ga.) (data breach class action; final approval granted Aug. 1, 2024); *Larson v. Aditi Consulting, LLC*, Case No. 22-2-03572-2 SEA (King Co. Wa. Super. Ct.) (data breach class action; final approval granted Jul. 14, 2024); *Andreoni v. Radiology Associates of Albuquerque*, Case No. D-202-CV-2022-05463 (data breach class action; final approval granted May 13, 2024); *Wermann, et al. v. Medical Associates of the Lehigh Valley, P.C.*, Case No. 2022-C-2356 (Lehigh Co. Pa. Ct. Comm. Pl.); *K.B. through Joan Blank, Next Friend, et al. v. East Tennessee Children's Hospital*, Case No. C2LA0081 (data breach class action; final approval granted Dec. 19, 2023); *In re: Reese v. Teen Challenge Training Center, Inc.*, Case No. 210400093 (Philadelphia County, Pennsylvania Court of Common Pleas) (data breach class action; final approval granted Nov. 14, 2023); *In re: Carr v. South Country Health Alliance*, Case No. 74-CV-21-632 (Steele County, Minnesota District Court) (data breach class action; final approval granted Nov. 6, 2023).; *Julien, et al. v. Cash Express, LLC*, Case No. 2022-CV-221 (Putnam Co. Tenn. Cir. Ct.) (data breach class action; final approval granted Nov. 9, 2023); *Conner v. Professional Personnel Service, Inc. d/b/a Luttrell Staffing Group*, Case No. 2022-CK-43300 (Sullivan Co. Tenn. Chanc. Ct.); *In Re: Goodman Campbell Brain and Spine Data Incident Litigation*, Case No. 49D01-2207-PL-024807 (Marion Co. Ind. Super. Ct.) (consolidated data breach class action; final approval granted; *Krenk, et al. v. Murfreesboro Medical Clinic, P.A.*, Case No. 2023-CV-81005 (Rutherford Co. Tenn. Cir. Ct.); *Suzanne Restivo-Conley, et al. v. Southern Orthopedic Associates, S.C., et al.*, Case No 2022LA77 (Williamson Co. Ill. Cir. Ct.) (data breach class action; final approval granted Feb. 21, 2024); *Henck v. Squirrel Hill Health Center*, Case No. GD-21-014637 (Allegheny Co. Penn. Ct. Comm. Pl.) (data breach class action; final approval granted Apr. 4, 2024); *In Re Harvard Pilgrim Data Security Incident Litigation*, Case No. 1:23-cv-11211-NMG (D. Mass.) (data breach multidistrict litigation class action).
[3] *See also, e.g., Roberts, et al. v. Givaudan Flavors Corporation, et al.*, Case No. 24-CI-008445 (Jeff. Co. Ky. Cir. Ct.) (pending putative class action arising from factory explosion in Louisville, Kentucky in November 2024); *Holland, et al. v. Central Bank & Trust Co.*, Case No. 21-CI-02898 (Fayette Co. Ky. Cir. Ct.); *Clemons v. Shelby Cnty. Bd. of Educ.*, 818 F. App'x 453 (6th Cir. 2020) (case involving disability discrimination of minor by school district, reversing district court summary judgment on claim for violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a)).

settlement with Endo to date. He also served as co-lead counsel on *In re: Alpha Corp. Securities Litigation*, a case that resulted in a $161 million recovery for the class. He has served on the steering committees of In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability (No. 15-MD-02672, N.D. Cal.) resulting in approximately $17 billion in settlements, and *In re: New England Compounding Pharmacy, Inc.*, (MDL No. 13-02419-RWZ, D. Mass.), recovering over $230 million in settlements. Mr. Stranch also served on the executive committee of *Dahl v. Bain Capital Partners* (No. 07–12388–EFH, D. Mass.) a case that resulted in a $590.5 million settlement. Furthermore, Mr. Stranch has extensive experience in data breach litigation, including in Kentucky state court. In addition to the data breach cases previously mentioned, Mr. Stranch notably litigated *McKenzie v. Allconnect, Inc.*, No. 5:18-cv-00359-JMH (E.D. Ky.) (data breach class action settlement that provided direct cash payments to every single settlement class member without the need for any claim form submission, a total of seven years of credit monitoring and identity theft protection, and reimbursement for any Settlement Class Member that suffered a documented but otherwise noncovered economic loss from the data breach); *Goodlett v. Brown-Forman*, Case No. 20-CI-005631 (Jefferson Cnty. Ky. Cir. Ct.) (class action data breach settlement, final app. ord. Feb. 22, 2022); and many others.[4] Mr. Stranch was appointed interim co-lead counsel in *In re CorrectCare Data Breach Litigation, supra*, in *Berthold, et al. v. Norton Healthcare, Inc., et al., supra*, and as lead class counsel in *Lurry v. Pharmerica Corporation, supra*.

Lastly, Mr. Mize can devote the necessary time and resources to serve as Interim Class Counsel. SJ&G is a renowned national class action firm, with the resources in terms of money and

---

[4] *Slos v. Select Health Network*, No. 71D05-2022-PL-000060 (St. Joseph Super. Ct. Aug. 5, 2021) (same); *Jones v. Methodist Hospital, Inc.*, No. 45C01-1911-CT-001201 (Lake Cnty. Super. Ct.) (same); *Joyner v. Behavioral Health Network, Inc.*, No. 2079CV00629 (Mass. Super. Ct.) (same); *Baldwin v. Nat'l W. Life Ins. Co.*, No. 2:21-cv-04066-WJE (W.D. Mo.) (same); *In re BJC Healthcare Data Breach Litig.*, No. 2022-CC09492 (Mo. Cir. Ct.) (same); *Marshall v. Conway Reg. Med. Ctr., Inc.*, No. 23CV-20-771 (Ark. Cir. Ct.) (same); *Crawford v. thyssenkrupp Materials NA, Inc.*, No. 2122-CC00411 (Mo. Cir. Ct.) (same); *Carr v. Beaumont Health*, No. 2020-181002-NZ (Mich. Cir. Ct.) (same); Goetz v. Benefit Recovery Specialists, Inc., No. 2020CV000550 (Wis. Cir. Ct.) (same).

attorneys to meet any need here. The Stranch, Jennings & Garvey, PLLC firm resume is attached as **Exhibit 1.**

        b.  Andrew Ferich is Qualified to Serve as Interim Co-Lead Class Counsel

Andrew Ferich is one of the most recognizable faces in the data privacy class action litigation space. He has extensive experience leading complex class actions, including some of the most high-profile privacy and consumer class action cases. Mr. Ferich has been appointed by courts to lead some of the largest data breach class actions and is routinely recognized for his successes and leadership in these cases in this Circuit and in courts across the country. *See, e.g., Jordan et el. v. Absolute Dental Grp., LLC*, No. 2:25-cv-986 (D. Nev. Sept. 19, 2025), at ECF 49 (appointing Mr. Ferich as co-lead counsel in medical data breach); *Anaya, et al. v. Cencora, Inc., et al.*, No. 2:24-cv-02961 (E.D. Pa.) (Mr. Ferich is court-appointed class counsel in a pharmaceutical company data breach class action where final approval to a $40 million common fund settlement was recently granted); *In re: Snowflake, Inc. Data Sec. Breach Litig.*, No. 2:24-md-03126-BMM (D. Mont.) (appointed to the leadership team in this multi-district data breach litigation, where he co-manages the Snowflake defendant track),

Mr. Ferich has proven time and again that he and his firm are committed to the classes he is appointed to represent. He does not relent when obstacles present themselves in litigation, and is willing to devote the resources necessary to successfully prosecute the cases he leads. *See, e.g., Bianucci v. Rite Aid Corp.*, No. 2:24-cv-03356-HB (E.D. Pa.) (after rescuing a multi-million-dollar settlement from bankruptcy, the Court commended Mr. Ferich's efforts, stating "I just want to thank counsel for the good job they did in bringing this thing to a resolution," and commented that Mr. Ferich is "highly experienced in . . . class action litigation and [was] chosen due to [his] expertise," and that the way in which he "dealt with Rite Aid's intervening bankruptcy" was "admirable," concluding that Mr. Ferich and his team "could not have secured a better outcome for the class.").

Mr. Ferich routinely is appointed to lead other high profile class actions. For example, Mr. Ferich was appointed co-lead settlement class counsel in a lawsuit alleging a defective belt start generator in certain Audi automobiles and involved hundreds of thousands of class members. In approving that settlement, valued at over $30 million, the Court observed that Mr. Ferich and his team "are highly experienced and dedicated attorneys who secured what I view to be an excellent outcome for the class." *Steinhardt et al. v. Volkswagen Grp. of Am., Inc. et al.*, No. 23-cv-02291 (D.N.J.), ECF No. 76. In *Udeen v. Subaru of Am., Inc.*, No. 18-cv-17334 (D.N.J.), Mr. Ferich was co-lead counsel in an auto defect case that resulted in a settlement valued at $6.25 million. The Court observed that counsel "are very skilled and very efficient lawyers . . . . They've done a nice job." Mr. Ferich is well-equipped to serve as appointed counsel in this matter. Ahdoot & Wolfson, P.C.'s firm resume is attached as **Exhibit 2.**

> c.   Leanna Loginov is Qualified to Serve as Interim Co-Lead Class Counsel

Leanna A. Loginov is a Partner at Shamis & Gentile, P.A. ("Shamis & Gentile") and is the Chair of Shamis & Gentile's data privacy litigation department. Ms. Loginov has extensive experience in the realm of data privacy litigation, including actively litigating over a hundred data breach class actions throughout the country.

In connection with litigating class actions in state and federal courts nationwide, Ms. Loginov has been admitted to practice in numerous jurisdictions. She is permanently admitted to practice law in New York and New Jersey, as well as the U.S. District Courts for the Eastern, Northern and Southern Districts of New York, District of New Jersey, Northern and Central Districts of Illinois, the Northern, Southern, Eastern, and Western Districts of Texas, District of Maryland, Eastern District of Wisconsin, Eastern and Western Districts of Michigan, District of Nebraska, District of Colorado, Eastern District of Missouri, Northern District of Ohio, and Eastern District of Tennessee.

As Chair of Shamis & Gentile's data privacy department, Ms. Loginov has been appointed lead or co-lead counsel in several Data Breach class actions and has played a large role in successfully litigating data breach class actions from inception through court approved settlement. Some of Ms. Loginov's achievements include:

- *Dunn v. Complete Payroll Solutions, LLC*, Case No. 1:25-cv-30045 (D. Mass. 2025) (Appointed Plaintiffs' Steering Committee);

- *Nadeau v. Onsite Mammography, LLC*, Case No. 3:25-cv-11123 (D. Mass. 2025) (Appointed to Plaintiffs' Executive Committee);

- *In re Radiology Associates of Richmond Data Breach Litigation*, Case No. 3:25-cv-518 (E.D. Va. 2025) (Appointed to Plaintiffs' Executive Committee);

- *In re DRT LLC Data Security Litigation*, Case No. 1:25-cv-00013 (S.D. Iowa 2025) (Appointed Interim Co-Lead Class Counsel);

- *In re Fundamental Administrative Services, LLC Data Breach Litigation*, Case No. 1:25-cv-02754 (D. Md. 2025) (Appointed Interim Co-Lead Counsel);

- *Gabrielsen v. Duff Capital Investors, LLC*, Case No. 2:25-cv-00104 (S.D. Miss. 2025) (Appointed Interim Class Counsel);

- *In re The Business Council of New York State, Inc., Data Breach Litigation*, Case No. 908769-25 (Sup. Ct. Albany Cty. 2025) (Appointed Interim Co-Lead Class Counsel);

- *Maisonette v. University Diagnostic Medical Imaging, P.C.*, Case No. 803179/25E (Sup. Ct. Bronx Cty. 2025) (Appointed as Co-Lead Interim Class Counsel);

- *Garcia v. Set Forth, Inc.*, Case No. 1:24-cv-11688 (ND. Ill. 2025) (Appointed to Plaintiffs' Steering Committee);

- *In re Cerner/Oracle Data Breach Litigation*, Case No. 25-cv-00259 (W.D. Mo. 2025) (Appointed to Plaintiffs' Executive Committee);

- *Montambeault, et al v. Concord Orthopaedics Professional Association*, Case No. 217-2025-CV-00292 (N.H. 2025) (Appointed Interim Lead Counsel);

- *Banda v. Integrated Specialty Coverages, LLC*, Case No. 3:25-cv-01741 (S.D. Cal., 2025) (Appointed Interim Co-Lead Counsel);

- *Wood v. Professional Resources Management of Crenshaw, LLC*, Case No. 03-cv-2025 (Ala. Cir. Ct. 2025) (Appointed Interim Co-Lead Class Counsel);

- *Staples v. Harbin Clinic, LLC, et al*, Case No. 4:25-cv-00130 (ND. Ga. 2025) (Appointed Interim Co-Lead Counsel);

- *Balde v. Southwood Financial LLC*, Case No. 1:25-cv-01109 (E.D. Va. 2025) (Appointed Interim Co-Lead Counsel);

- *In re AACOM Data Breach Litigation*, Case No. 8:25-cv-01239 (D. Md. 2025) (Appointed Interim Co-Lead Counsel);

- *In re Cardiology Associates Data Breach Litigation*, Case No. 02-CV-2025-900139 (Ala. Cir. Ct. 2025) (Appointed Interim Co-Lead Class Counsel);

- *In Re Tycon Medical Systems, Inc., Data Security Breach Litigation*, Case No. 2:25-cv-19 (E.D. Va. 2025) (Appointed Interim Co-Lead Counsel); and

- *In re Stanley Steemer International Data Breach Litigation*, Case No. 2:23-cv-03932 (S.D. Ohio), which received final approval for a settlement involving approximately 63,000 class members and a $700,000.00 non-reversionary settlement fund, on May 29, 2025.

Ms. Loginov has worked productively with Proposed Interim Co-Lead Class Counsel in many other cases. She is confident that this proposed leadership structure will result in an excellent recovery for all clients and Class members. A copy of Ms. Loginov's resume, which includes additional information about Ms. Loginov and her firm is attached hereto as **Exhibit 3.**

3. Proposed Interim Co-Lead Class Counsel are Committed to Representing and Advancing the Interests of the Class

Not only do Stranch, Jennings & Garvey, PLLC, Ahdoot Wolfson, P.C., and Leanna Loginov of Shamis & Gentile, P.A have the resources to effectively prosecute this case, the firm is committed to using these resources to do so. Proposed Interim Co-Lead Class Counsel are committed to pursuing the best interests of the proposed Class in an efficient manner and fully understanding the investment of time and resources necessary to pursue this action to a successful resolution. Indeed, Andrew Mize of Stranch, Jennings & Garvey, PLLC, Andrew Ferich of Ahdoot Wolfson, P.C., and Leanna Loginov of Shamis & Gentile, P.A have made and will continue to make the required investment here.

4. Proposed Interim Co-Lead Class Counsel's Responsibilities

Consistent with the MANUAL FOR COMPLEX LITIGATION (FOURTH) §§ 10.221 and 40.22, Andrew Mize of Stranch, Jennings & Garvey, PLLC, Andrew Ferich of Ahdoot Wolfson, P.C.,

and Leanna Loginov of Shamis & Gentile, P.A will be responsible for the overall conduct of the litigation on behalf of the putative Class and will have the following specific responsibilities:

    a.    To determine and present to the Court and opposing parties the position of Plaintiffs and putative Class Members on all matters arising during pretrial proceedings;

    b.    To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative Class Members, including the preparation of interrogatories and requests for the production of documents and the examination of witnesses in depositions;

    c.    To conduct settlement negotiations on behalf of Plaintiffs and putative Class Members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative Class Members;

    d.    To delegate specific tasks to other counsel, in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative Class is conducted efficiently and effectively;

    e.    To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

    f.    To prepare and distribute status reports to any other law firms that might seek to represent the putative class;

    g.    To maintain adequate time and disbursement records covering services as Interim Co-Lead Class Counsel;

    h.    To monitor the activities of any other law firms that might seek to represent putative Class Members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

    i.    To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative Class or authorized by further order of this Court.

## III.    CONCLUSION

Consolidating the cases and appointing well-qualified and experienced counsel Andrew Mize of Stranch, Jennings & Garvey, PLLC, Andrew Ferich of Ahdoot Wolfson, P.C., and Leanna

Loginov of Shamis & Gentile, P.A as Interim Co-Lead Class Counsel would be in the best interest of the putative Class and would allow the case to proceed in an efficient and unified manner. A proposed order consistent therewith is attached as **Exhibit 4** hereto.

Dated: June 9, 2026          By:    /s/ Nathan R. Ring
                                    Nathan R. Ring
                                    NV Bar No. 12078
                                    STRANCH, JENNINGS & GARVEY PLLC
                                    3100 W. Charleston Blvd., Ste 208
                                    Las Vegas, NV 89102
                                    Tel: (725) 235-9750
                                    nring@stranchlaw.com

                                    Andrew Mize*
                                    **STRANCH, JENNINGS & GARVEY, PLLC**
                                    The Freedom Center
                                    223 Rosa L. Parks Avenue, Suite 200
                                    Nashville, TN 37203
                                    Telephone:    (615) 254-8801
                                    amize@stranchlaw.com

                                    Andrew W. Ferich*
                                    **AHDOOT & WOLFSON, PC**
                                    201 King of Prussia Road, Suite 650
                                    Radnor, PA 19087
                                    Telephone: (310) 474-9111
                                    Fax: (310) 474-8585
                                    aferich@ahdootwolfson.com

                                    Leanna A. Loginov (*pro hac vice*)
                                    **SHAMIS & GENTILE, P.A.**
                                    14 NE First Avenue, Suite 705
                                    Miami, Florida 33132
                                    (305) 479-2299
                                    lloginov@shamisgentile.com

                                    *Attorneys for Representative Plaintiffs and the Plaintiff Class*

                                    *Pro hac vice forthcoming*

INDEX OF EXHIBITS

| Exh. No. | Description |
| --- | --- |
| 1 | Stranch, Jennings & Garvey Firm Resume |
| 2 | Ahdoot Wolfson Firm Resume |
| 3 | Shamis & Gentile Firm Resume |
| 4 | Proposed Order Granting Motion to Consolidate |

**CERTIFICATE OF SERVICE**

I certify that on June 9, 2026, I served a true and correct copy of the foregoing to all counsel of record via email and/or mail so registered to receive such service with the Court's CM/ECF e-filing and service system in each of the listed cases.

/s/ Michelle Wade
Michelle Wade